IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

RENT A CHRISTMAS LLC d/b/a
RENT-A-CHRISTMAS,

        Plaintiff,                       Civil Action No.: _____

       v.                          **JURY TRIAL DEMANDED**

GIELLA DESIGNS, LLC,

        Defendant.

_____/

## COMPLAINT

Plaintiff, Rent A Christmas, LLC d/b/a Rent-A-Christmas, by and through its undersigned counsel, sues Defendant, Giella Designs, LLC, a Florida limited liability company, and says as follows.

## THE PARTIES

1. Rent A Christmas, LLC d/b/a Rent-A-Christmas is a corporation organized under the laws of New York, having a place of business at 19 West 34th Street, Suite 1018, New York, New York 10001 ("Plaintiff" or "Rent-A-Christmas").

2. Upon information and belief, Defendant, Giella Designs, LLC ("Defendant" or "Giella") is a Florida limited liability company having a place of business at 4722 111th Terrace East, Parrish, Florida 34219.

1

49109112

## JURISDICTION AND VENUE

3. This action arises under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*; § 495.151, Fla. Stat. (2021); § 495.131, Fla. Stat. (2021), and the Florida common law.

4. The Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.

5. This Court has personal jurisdiction over the Defendant because it has a regular and established place of business in the state of Florida and in this District. Additionally, Defendant has committed trademark infringement and other torts in this District; has caused injury to Plaintiff and its property in this District; and has purposely and directly targeted its activities at this District.

6. Venue is proper in this division of the Court according to the venue provisions set forth by 28 U.S.C. §§ 1391(b)-(d).

## PLAINTIFF'S ELF SQUAD MARK

7. Plaintiff began using its trademark **ELF SQUAD** ("Plaintiff's Mark") in connection with *rental and sales of live and artificial Christmas decorations; design of Christmas decoration displays; delivery, installation, pick up and removal (strike) of live and artificial Christmas decorations* in Class 35 and/or 37 and/or similar or related services ("Plaintiff's Services") since at least as early as July 30, 2019.

8. Plaintiff has consistently and continuously used its trademark **ELF SQUAD** in commerce that Congress may regulate since July 30, 2019.

9. Plaintiff is the owner of U.S. Trademark Application Serial No. 97177582 (the for **ELF SQUAD** for *delivery, installation, pick up and removal of live and artificial Christmas*

49109112

*decorations* in Class 37 and animated show/movie in Class 42, which was filed on December 17, 2021. A copy of the Application is attached as Exhibit "A".

10. Plaintiff has rights in its **ELF SQUAD** trademark dating back to at least July 30, 2019.

11. Plaintiff has devoted substantial resources to promoting the goodwill of the **ELF SQUAD** trademark.

## DEFENDANT'S BAD ACTS

12. Defendant's website, at www.gielladesigns.com, contains therein the alleged mark **ELF SQUAD** (the "**Accused Marks**"). A copy of the Website is attached as Exhibit "B".

13. Upon information and belief, Defendant offers *installation, maintenance, and removal of interior and exterior custom seasonal decorations for others* in Class 37 as well as similar, related or complementary services under the designation "ELF SQUAD" (the "**Accused Services**").

14. In October 31, 2019, Plaintiff filed, *pro se*, federal Trademark Application Serial No. 88675388 for **ELF SQUAD** for *rental and sales of live and artificial Christmas decorations; Design of Christmas decoration displays; delivery, installation, pick up and removal (strike) of live and artificial Christmas decorations* in Class 37.

15. The U.S. Patent & Trademark Office issued a Notice of Abandonment of Plaintiff's Application Serial No. 88675388 for **ELF SQUAD**, which was abandoned on August 18, 2020.

16. On December 31, 2020, very shortly after Plaintiff's Application Serial No. 88675388 was abandoned, Defendant filed Application Serial No. 90437032, for registration on

3

49109112

the Principal Register of the identical trademark **ELF SQUAD** for *installation, maintenance, and removal of interior and exterior custom seasonal decorations for others* in Class 37.

17. Although Defendant claimed a date of first use in commerce of October 1, 2018, upon information and belief, Defendant did not use its alleged **ELF SQUAD** trademark in the United States as required by the Lanham Act for any product(s) or service(s) prior to November 19, 2019 – only four months after Plaintiff's purported date of first use in commerce.

18. A portion of Defendant's specimen of use is reproduced below:



19. Upon information and belief, Defendant did not use its alleged trademark **ELF SQUAD** anywhere in the United States, or in commerce, prior to November 19, 2019.

20. The Accused Mark contains the same words as the marks that are the subject of Plaintiff's Mark and the Accused Services are identical or nearly identical to the Plaintiff's Services covered by Plaintiff's trademark application and related common law trademark rights.

21. Defendant's use of the Accused Mark began after Plaintiff's first use of the Plaintiff's Mark for Plaintiff's services, and is without authorization from Plaintiff.

22. The Accused Mark is confusingly similar to Plaintiff's Mark.

23. Defendant's use of the Accused Mark is likely to cause consumers to mistakenly believe that the Accused Services emanate from or are otherwise associated with Plaintiff.

24. Defendant's improper use of the Accused Mark is likely to cause confusion, mistake, and/or deception among the public as to the source of the Accused Services.

25. Upon information and belief, Defendant knew of Plaintiff's rights in and to

4

49109112

Plaintiff's Mark no later than September 22, 2020.

26. Upon information and belief, Defendant used the Accused Mark as described herein in an attempt to trade on the goodwill associated with Plaintiff's Marks.

27. Upon information and belief, Defendant intended to infringe on Plaintiff's rights.

28. On September 22, 2020, Plaintiff filed Opposition No. 91271848 against Defendant's trademark Application Serial No. 90437032 based on Plaintiff's prior rights in Plaintiff's Mark at the U.S. Patent & Trademark Office's Trademark Trial & Appeal Board ("TTAB").

29. The TTAB processed Plaintiff's Notice of Opposition and set a deadline for Defendant to file an Answer no later than November 1, 2021.

30. On or about October 15, 2021, Defendant, through its counsel, informed Plaintiff's counsel that abandonment of Defendant's Application Serial No. 90437032 would not prevent Defendant's use of **ELF SQUAD**, despite its notice, knowledge and awareness of Plaintiff and Plaintiff's prior rights in **ELF SQUAD**.

31. Defendant did not file an Answer or other responsive pleading to Plaintiff's Opposition No. 91271848 by the November 1, 2021 deadline.

32. The TTAB issued a Notice of Default to Defendant on November 12, 2021, allowing Defendant "thirty days from the date of this order to show cause why judgment by default should not be entered against Defendant in accordance with Fed. R. Civ. P. 55(b)(2)."

33. Defendant did not respond to the TTAB's Notice.

34. On December 22, 2021, the TTAB issued its decision: "judgment by default is hereby entered against Defendant, the opposition is sustained, and registration to Defendant is

refused. *See* Fed. R. Civ. P. 55(b), and Trademark Rule 2.106(a)." A copy of the Judgment is attached as Exhibit "C".

35. Defendant has not communicated with Plaintiff since November 12, 2021.

36. Upon information and belief, despite its actual knowledge of Plaintiff's rights, Defendant continues to use the designation "ELF SQUAD," which continues to damage Plaintiff.

37. Defendant has not compensated Plaintiff for Defendant's unauthorized use of the Accused Marks in connection with the Accused Services as discussed herein.

## COUNT I
### (Trademark Infringement Under 15 U.S.C. § 1114)

38. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 - 37 as though fully set forth herein.

39. Defendant's acts as complained of herein are likely to cause confusion, to cause mistake, and to deceive as to the source, origin, sponsorship, or approval and therefore constitutes federal trademark infringement in violation of 15 U.S.C. § 1114(1).

40. The Parties' relevant services are identical, similar, highly-related or related.

41. There exists, or will exist, market interface between Plaintiff and Defendant.

42. On information and belief, Plaintiff and Defendant offer, or will offer, identical, similar or related services.

43. Based on the above allegation(s), there is, or will be, market overlap and interface between Plaintiff and Defendant.

44. Because neither party's identification of goods contains any relevant restriction to the services or channels of trade that would distinguish their respective services, the respective channels of trade are presumed to be identical.

6

49109112

45. Defendant's alleged mark is so similar to Plaintiff's Mark in sound, appearance and/or commercial impression so as to be likely to cause confusion, mistake or deception.

46. Defendant's appropriation of Plaintiff's mark for the applied-for services would cause confusion, mistake or deception among the relevant consumers.

47. By reason of Defendant's bad faith and willful infringement, Plaintiff has sustained and is entitled to recover actual and treble damages, attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117 and injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT II
### (Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125(a))

48. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 - 37 as though fully set forth herein.

49. Defendant's acts as complained of herein constitute unfair competition and false designation of origin in violation of §43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50. Plaintiff has sustained and is entitled to recover actual and treble damages, attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117 and injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT III
### (Deceptive & Unfair Trade Practices Act Under Florida State Law)

51. Plaintiff repeats and re-alleges each and every allegation of Paragraphs 1 - 37 as though fully set forth herein.

52. Defendant's acts as complained of herein constitute deceptive and unfair acts and/or practices in violation of violation of Florida's Unfair and Deceptive Trade Practices Act, §§ 501.201 *et seq*. Fla. Stat.

49109112

53. Plaintiff, as a covered consumer, is aggrieved by the actionable misconduct of Defendant.

54. Defendant's unfair, deceptive and unlawful acts include (1) causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services, (2) causing a likelihood of confusion or misunderstanding as to affiliation, connection or association with, or certification by, another, (3) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have, (4) disparaging the goods, services, or business of another by false or misleading representations of fact; (5) falsely passing off goods or services as those of another, and (6) using deceptive representations in connection with goods or services.

55. By reason of Defendant's bad faith and willful and knowing conduct, Plaintiff has sustained and is entitled to recover actual damages, attorneys' fees, and the costs of this litigation pursuant to § 501.211 Fla. Stat.

## COUNT IV
### (False or Misleading Advertising Under Florida State Law)

56. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 - 37 as though fully set forth herein.

57. Defendant's acts as complained of herein constitute false or misleading advertising in violation of §817.41 Fla. Stat.

## COUNT VI
### (Dilution Under Florida State Law)

58. Plaintiff repeats and re-alleges each and every allegation of Paragraphs 1 - 37 as though fully set forth herein.

8

49109112

59. Defendant's acts as complained of herein constitute injury to Plaintiff's business reputation and/or dilution of Plaintiff's marks in violations of § 495.151, Fla. Stat. (2021).

## COUNT VII
### (Trademark Infringement and Unfair Competition Under Florida State Law)

60. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 - 37 as though fully set forth herein.

61. Defendant's acts as complained of herein constitute trademark infringement and unfair competition under § 495.131, Fla. Stat. (2021).

### JURY DEMAND

62. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and enter final judgment against Defendant that:

A. Defendant's acts as complained of herein constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114 and the common law;

B. Defendant's acts as complained of herein constitute unfair competition and false designation of origin in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

C. Defendant's acts as complained of herein constitute deceptive acts and/or practices in violation of violation of § 501.201, Fla. Stat. (2021);

D. Defendant's acts as complained of herein constitute false advertising in violation of § 817.41, Fla. Stat. (2021);

49109112

E. A judgement that Defendant's acts as complained of herein constitute trademark infringement and unfair competition under Florida Common Law;

F. A judgment that Defendant's acts as complained of herein constitute misappropriation under Florida Common Law;

G. An order permanently enjoining Defendant's acts of trademark infringement, unfair competition, false advertising, unlawful deceptive acts and practices, injury to business reputation, and misappropriation;

H. A finding that Defendant's acts of trademark infringement, unfair competition, false advertising, unlawful deceptive acts and practices, injury to business reputation, and misappropriation were willful;

I. Award all damages as Plaintiff sustained as a result of Defendant's conduct as complained of herein, and that said damages be trebled;

J. Order an accounting of all profits realized by Defendant resulting from its conduct complained of herein, and that such profits by paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case;

K. Award Plaintiff its costs, expenses of this action, and an award of attorney's fees under Florida Statutes Sections 501.211 and 817.41(6);

L. Declare that this is an exceptional case pursuant to 15 U.S.C. § 1117 and award Plaintiff its reasonable attorneys' fees;

M. Award statutory damages pursuant to 15 U.S.C. § 1117(d);

N. Such other and further relief as the Court deems just and equitable.

49109112

Dated: January 24, 2022

/s/ *Murray B. Silverstein*
Murray B. Silverstein
Florida Bar No. 349216
Brian Cummings
Florida Bar No. 25854
Dariel Abrahamy
Florida Bar No. 0014901
GREENSPOON MARDER LLP
Murray.Silverstein@gmlaw.com
Brian.Cummings@gmlaw.com
Dariel.Abrahamy@gmlaw.com
401 E. Jackson Street, Suite 3650
Tampa, FL 33602
Phone: 813-769-7020
*Attorneys for Plaintiff*
Rent A Christmas LLC, d/b/a Rent-A Christmas

49109112